**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

JENNIFER JOHNSON-CAMPBEL, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF CATHY ANN WINDHAM JOHNSON, DECEASED, AND JESSICA TAGNEY, INDIVIDUALLY,

Plaintiffs

v.

WORKHORSE TRUCKS, INC. (WORKHORSE GROUP, INC.)
Serve via Georgia Secretary of State:
VCorp Agent Service, Inc.
4400 Easton Commons Way, Suite 125
Columbus, Ohio 43219,

Defendants.

CIVIL ACTION FILE NO.
2019SUCV2019001345

**NOTICE OF REMOVAL**

COMES NOW WORKHORSE GROUP, INC., improperly named as Workhorse Trucks, Inc. (Workhorse Group, Inc.)(Defendant), named as Defendant in the above-styled action, and herein files its Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

1.

On October 15, 2019, Defendant was sued in a personal injury civil action brought in the Superior Court of Dougherty County, which is located within the

Albany Division of the United States District Court for the Middle District of Georgia.

2.

Upon information and belief, Plaintiff Jennifer Johnson-Campbell is a resident and citizen of the State of Georgia and Plaintiff Jessica Tagney is a resident and citizen of the State of Florida. (Plaintiffs' Complaint, Paragraph 1) Defendant is a Nevada corporation with its principal place of business in the State of Ohio. (Plaintiffs' Complaint, Paragraph 8) Accordingly, complete diversity exists between the Plaintiffs and Defendant.

3.

The subject Complaint asserts state law claims of negligence and strict liability in the manufacture of the Subject Workhorse W42 and seeks to recover for the general and special damages of decedent, the full value of the life, physical pain and suffering, mental pain and suffering, including shock, fright and terror, and funeral expenses and punitive damages. (Plaintiffs' Complaint, Paragraphs 44 – 45 and 48 - 52).

4.

This Notice of Removal is filed within thirty (30) days from the date of notice of the lawsuit pursuant to U.S.C. § 1446(b)(1).

5.

Defendant attaches the entire record in the Dougherty County Superior Court action. (See Exhibit "A")

6.

The aforementioned civil action is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441(a), because there is complete diversity between the parties and Plaintiffs claim damages in excess of $75,000, exclusive of interest and costs.

7.

If a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Roe v. Michelin N. Am,* 613 F.3d 1058, 1061 (11th Cir. 2010).  In other cases, however, it may be "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when "the complaint does not claim a specific amount of damages." *See id*.  At 1061(citations omitted).  The Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable, including in wrongful death

cases such as this one. *Id*. Under Georgia law, the measure of damages for wrongful death is the "full value of the life of the decedent ***without deducting*** for any of the necessary or personal expenses of the decedent had he lived." O.C.G.A. § 51-4-1(1)(Emphasis added).   In the instant case, the Complaint seeks damages for wrongful death on behalf of the children of the decedent, plus special damages, plus pre-impact pain, suffering, mental anguish, shock, fright, and terror, along with punitive damages. (Complaint, paras. 44-45, 49-51).   Accordingly, "judicial experience and common sense dictate that the value of [Plaintiffs'] claims (as pled) more likely than not exceed[] the minimum jurisdictional requirement." *Roe*, 613 F.3d at 1066.

8.

A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," as 28 U.S.C. § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

9.

Thus, a notice of removal need cite only Plaintiff's allegations and requested relief to establish the amount in controversy. *See Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 751 (11th Cir. 2010) ("[T]he Plaintiffs' likelihood of success on the

merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." (citation and quotation marks omitted)); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) (Easterbook, J.) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.").

10.

Defendant has given written notice of the filing of this Notice to the Plaintiffs by mailing a copy of this Notice via Certified Mail, Return Receipt Requested, Receipt No. 7017 0660 0000 0862 6078. Defendant has filed a written notice with the Clerk of Superior Court of Dougherty County, a copy of which is attached. (See Exhibit "B")

11.

The Undersigned has read this Notice of Removal, and to the best of the Undersigned's knowledge, information and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

WHEREFORE, the Defendant prays that the case be removed to the United States District Court for the Middle District of Georgia, Albany Division.

This 15th day of November, 2019.

Respectfully submitted,

*/s/ Brynda Rodriguez Insley*
BRYNDA RODRIGUEZ INSLEY
Georgia Bar No. 611435
CATHERINE M. BANICH
Georgia Bar No. 260514

*Attorneys for Defendant*
*Workhorse Group, Inc.*

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
770-434-6868- Telephone
770-434-7376- Facsimile
binsley@taylorenglish.com
cbanich@taylorenglish.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing NOTICE OF REMOVAL upon all parties to this matter by depositing a true copy of same in the United States Mail, in a properly addressed envelope with adequate postage thereon to the counsel of record as follows:

| **Attorney for Plaintiffs:**<br>Dylan J. Hooper, Esq.<br>Morgan & Morgan, PA<br>P.O. Box 57007<br>Atlanta, GA 30313 | |
|---|---|

This 15th day of November, 2019.

Respectfully submitted,

*/s/ Brynda Rodriguez Insley*
BRYNDA RODRIGUEZ INSLEY
Georgia Bar No. 611435

*Attorney for Defendant Workhorse Group, Inc.*

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
770-434-6868- Telephone
770-434-7376- Facsimile
binsley@taylorenglish.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that the foregoing pleading was prepared in Times New Roman 14-point font, in compliance with Local Rule 5.1(C).

This 15th day of November, 2019.

Respectfully submitted,

*/s/ Brynda Rodriguez Insley*
BRYNDA RODRIGUEZ INSLEY
Georgia Bar No. 611435

*Attorney for Defendant Workhorse Group, Inc.*

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
770-434-6868- Telephone
770-434-7376- Facsimile
binsley@taylorenglish.com

# EXHIBIT "A"



SUCV2019001345 | JOHNSON-CAMPBELL, ET AL V WORKHORSE TRUCKS, INC. | DOUGHERTY SUPERIOR | PRODUCT LIABILITY TORT

# Case Docket

| Case Initiation Date | Assigned Judge | Status |
| --- | --- | --- |
| 10/15/2019 | 1197 | OPEN |

Why subscribe to PeachCourt+? Well, for one thing... you could get an automagic email alert when anyone files anything into this case. You don't have to come back here day after day after day just to check the docket. We'll take care of that for you. All you have to do is subscribe!

## Party Information

**Plaintiffs:**

**JOHNSON-CAMPBELL, JENNIFER**

**TAGNEY, JESSICA**

**Defendant:**

**WORKHORSE TRUCKS, INC.**

## Attorney/Filer Information

**HOOPER, DYLAN J**

| Docket # | Document Type | Description | Filer | Filing Date | Source | Pages |
| --- | --- | --- | --- | --- | --- | --- |
| 1 | Complaint | Plaintiffs' Complaint | Hooper, Dylan | 10/15/2019 | EFile: PeachCourt | 9 |
| 2 | Exhibits | Exhibit 1 To Plaintiffs' Complaint | Hooper, Dylan | 10/15/2019 | EFile: PeachCourt | 1 |
| 3 | Summons | Summons For Workhorse Trucks, Inc. . | Hooper, Dylan | 10/15/2019 | EFile: PeachCourt | 1 |
| 4 | Civil Case Initiation Form | Case Information Form | Hooper, Dylan | 10/15/2019 | EFile: PeachCourt | 1 |
| 5 | Affidavit | Affidavit Of Compliance Of Service Of Process | Hooper, Dylan | 10/15/2019 | EFile: PeachCourt | 2 |

The clerk's office maintains the official record for this case. The information we provide is our best attempt at reflecting the official record. Despite our best efforts, you may find discrepancies between the information on this page and the clerk's official record. The clerk's official record is always official and is always THE record.

Printed from www.peachcourt.com on Nov 15, 2019 3:18 PM

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
DOUGHERTY COUNTY, GEORGIA
SUCV2019001345
1197
OCT 15, 2019 11:49 AM
Evonne S. Mull, Clerk
Dougherty County, Georgia

## General Civil and Domestic Relations Case Filing Information Form

☑ **Superior or** ☐ **State Court of** Dougherty **County**

**For Clerk Use Only**

**Date Filed** 10-15-2019 **Case Number** SUCV2019001345
**MM-DD-YYYY**

| **Plaintiff(s)** | **Defendant(s)** |
|---|---|
| Johnson-Campbell, Jennifer | Workhorse Trucks, Inc. |
| Last / First / Middle I. / Suffix / Prefix | Last / First / Middle I. / Suffix / Prefix |
| Tagney, Jessica | |
| Last / First / Middle I. / Suffix / Prefix | Last / First / Middle I. / Suffix / Prefix |
| | |
| Last / First / Middle I. / Suffix / Prefix | Last / First / Middle I. / Suffix / Prefix |
| | |
| Last / First / Middle I. / Suffix / Prefix | Last / First / Middle I. / Suffix / Prefix |

**Plaintiff's Attorney** Hooper, Dylan **Bar Number** 194606 **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**

- ☐ Medical Malpractice Tort
- ☑ Product Liability Tort
- ☐ Automobile Tort
- ☐ General Tort
- ☐ Contract
- ☐ Real Property
- ☐ Civil Appeal
- ☐ Habeas Corpus
- ☐ Restraining Petition
- ☐ Injunction/Mandamus/Other Writ
- ☐ Garnishment
- ☐ Landlord/Tenant
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Adoption
- ☐ Family Violence Petition
- ☐ Other Domestic Relations

**Post-Judgement – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony.
- ☐ Modification
- ☐ Administrative/Other

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all the same parties, subject matter, or factual issues. If so, provide a case number for each.

_______________ **Case Number** _______________ **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. §9-11-7.1.

☐ Is interpreter needed in this case? If so, provide the language(s) required. _______________
**Language(s) Needed**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
DOUGHERTY COUNTY, GEORGIA
SUCV2019001345
1197
OCT 15, 2019 11:49 AM

Evonne S. Mull, Clerk
Dougherty County, Georgia

# SUPERIOR COURT OF DOUGHERTY COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER SUCV2019001345

Johnson-Campbell, Jennifer
Tagney, Jessica

**PLAINTIFF**

**VS.**

Workhorse Trucks, Inc. , DBA Workhorse Group, Inc.

**DEFENDANT**

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Dylan Hooper**
**Morgan & Morgan Atlanta, PLLC**
**1614 Bishop Hollow Run**
**Atlanta, Georgia 30338**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 15th day of October, 2019.**

Clerk of Superior Court

Evonne S. Mull, Clerk
Dougherty County, Georgia

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
DOUGHERTY COUNTY, GEORGIA
SUCV2019001345
1197
OCT 15, 2019 11:49 AM
Evonne S. Mull, Clerk
Dougherty County, Georgia

**IN THE SUPERIOR COURT OF DOUGHERTY COUNTY**
**STATE OF GEORGIA**

JENNIFER JOHNSON-CAMPBELL, INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF CATHY ANN WINDHAM JOHNSON, DECEASED, AND JESSICA TAGNEY, INDIVIDUALLY,

CIVIL ACTION FILE NO.:

Plaintiffs,

v.

WORKHORSE TRUCKS, INC. (WORKHORSE GROUP, INC.)
**Serve via Georgia Secretary of State**:
VCorp Agent Service, Inc.
4400 Easton Commons Way, Suite 125
Columbus, Ohio 43219

Defendant.

---

**COMPLAINT WITH JURY TRIAL DEMANDED**

---

Plaintiffs, Jennifer Johnson-Campbell, Individually, and as Administrator for the Estate of Cathy Ann Windham Johnson, deceased, and Jessica Tagney, Individually, by counsel, for their Complaint against the Defendant, Workhorse Trucks, Inc. (Workhorse Group, Inc.), state as follows:

**THE PARTIES**

1. Plaintiff, Jennifer Johnson-Campbell, is a citizen of the State of Georgia, residing in Richmond Hill, Bryan County, Georgia.

2. Plaintiff, Jessica Tagney, is a citizen of the State of Florida, residing in Chipley, Washington County, Florida.

3. Plaintiffs' mother, Cathy Ann Windham Johnson (the "Decedent") was at all relevant times a citizen and resident of Albany, Dougherty County, Georgia.

4. Decedent died on October 19, 2017, in Albany, Dougherty County, Georgia.

5. Jennifer Johnson-Campbell was appointed Administrator of Decedent's estate on December 4, 2017, and has standing to bring this lawsuit. A copy of the Order appointing her as Administrator of Decedent's estate is attached as Exhibit 1.

6. Plaintiffs are of the age of majority and are the only children of Decedent, who was unmarried at the time of her death.

7. At all relevant times, Decedent was employed as a delivery driver for United Parcel Service ("UPS").

8. At all relevant times, Defendant, Workhorse Trucks, Inc. (Workhorse Group, Inc.), is a Nevada corporation, with its principal place of business located at 100 Commerce Drive, Loveland, Ohio 45140.

9. Defendant may be served with process via the Georgia Secretary of State on its registered agent, Vcorp Agent Services, Inc., 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

10. At all relevant times, Defendant was engaged in the business of designing, engineering, manufacturing, assembling, inspecting, testing, advertising, marketing, distributing, and/or selling a variety of delivery box trucks and vans[1], including the 2010 Workhorse W42 box truck, VIN Number 5B4KFD2D2A3441181 (the "Subject Workhorse W42"), which is distributed and sold to various delivery courier companies, including UPS, throughout the United States.

11. Upon information and belief and at all relevant times, Decedent's employer, UPS, was the legal owner of the subject Workhorse W42.

12. Upon information and belief and at all relevant times, the subject Workhorse W42 was used to conduct business and for the benefit of Decedent's employer, UPS.

[1] https://workhorse.com/company.html

13. The incident giving rise to this lawsuit arises from a motor vehicle collision that occurred on or about October 19, 2017.

## JURISDICTION AND VENUE

14. The amount in controversy exceeds the minimum amount necessary to establish the jurisdiction of this Court.

15. This Court has subject matter jurisdiction pursuant to O.C.G.A § 15-6-8 and the Georgia State Constitution.

16. This Court is authorized to exercise personal jurisdiction over Defendant pursuant to the Georgia Long-Arm Statute, O.C.G.A § 9-10-91, because the causes of action stated herein arise out of Defendant:

a. Transacting any business within the State of Georgia;

b. Committing a tortious act or omission with the State of Georgia; or,

c. Committing a tortious injury in the State of Georgia caused by an act or omission outside the State of Georgia where Defendant regularly does or solicits business, or engaged in any other persistent course of conduct, or derivers substantial revenue from goods used or consumed, or services rendered in the State of Georgia.

17. This Court is authorized to exercise personal jurisdiction over Defendant because Defendant is engaged in such regular, continuous, and systematic business in the State of Georgia that Defendant may fairly be regarded as "at home" in Georgia.

18. Venue is proper in this Court because the tortious acts, omissions, and/or injuries that form the basis of this lawsuit occurred in Albany, Dougherty County, Georgia.

## FACTS

19. The Subject Workhorse W42 forms the basis of this Complaint.

20. On October 19, 2017, Decedent was operating the subject Workhorse W42, and traveling westbound on Liberty Expressway in Albany, Dougherty County, Georgia.

21. Decedent was, at the time, driving the subject Workhorse W42 on behalf of and/or under the dispatch of her employer, UPS.

22. At the same time, traffic ahead of Decedent was coming to a stop. Decedent attempted to brake and slow down to traffic, but could not do so in time and crashed into the rear end of a dump truck ahead of her.

23. The front of the subject Workhorse W42 struck the rear end of the dump truck, causing the Subject Workhorse W42's chassis and frame to submarine beneath the dump truck bed, buckle and deform in a dangerous and unsafe manner and subject Decedent to significantly more crash-related forces and crushing than if the Subject Workhorse W42 been designed, manufactured, constructed, equipped, and/or tested in a reasonable and/or safe, non-defective manner.

24. As a result of Defendant's strict liability and negligence, as more fully described below, Decedent sustained and suffered significant damages, including serious bodily injuries resulting in her death.

**COUNT I – STRICT LIABILITY**

25. Plaintiffs adopt and reiterate each and every allegation above, as if set out fully in this paragraph.

26. Defendant is in the business of designing, assembling, testing, manufacturing, inspecting, distributing, importing, selling, and/or supplying a wide array of delivery trucks and vans, including the Subject Workhorse W42.

27. Defendant designed, assembled, distributed, imported, marketed, sold, and/or ultimately placed the Subject Workhorse W42 directly into the stream of commerce.

28. Defendant knew or reasonably foresaw that individuals like Decedent would use and operate the Subject Workhorse W42.

29. Defendant had a legal duty to design, inspect, test, manufacture, and assemble the Subject Workhorse W42 so that it would be reasonably crashworthy and provide a reasonable degree of occupant safety in foreseeable collisions occurring in the highway environment of its expected use.

30. Among other things, the Subject Workhorse W42 is not crashworthy, is defective, and is unreasonably dangerous and unsafe for foreseeable users and occupants in each of the following particulars:

a. Having a chassis, frame, and body that are inadequately designed, constructed, and located, which causes occupants to be significantly closer to the area of impact and subject them to significantly higher crash forces in foreseeable rear-end collisions;

b. Having a chassis, frame, and body that allows the Subject Workhorse W42 to submarine, or under-ride, other vehicles that may be struck from behind by the Subject Workhorse W42 in foreseeable collisions, subjecting occupants to significantly higher crash forces;

c. Failing to adequately warn Decedent, other consumers, or the public in general, about the unsafe and defective condition and design of the vehicle known to Defendant, so that individuals like Decedent could make informed and prudent decisions regarding traveling or riding in such vehicles.

31. The Subject Workhorse W42's design defects, whether individually or collectively, rendered the Subject Workhorse W42 unreasonably dangerous for its intended and foreseeable use.

32. The Subject Workhorse W42 left Defendant's possession and control with the design defect(s) that Plaintiffs allege, and the Subject Workhorse W42 remained defective and unreasonably dangerous up until and throughout the events giving rise to Decedent's injuries, death, and damages.

33. The Subject Workhorse W42's design defects, whether individually or collectively, actually and proximately caused Decedent's injuries, death, and damages and Plaintiffs' damages.

**COUNT II – NEGLIGENCE**

34. Plaintiffs adopt and reiterate each and every allegation above, as if set out fully in this paragraph.

35. Defendant negligently designed, assembled, distributed, imported, marketed, sold, and/or ultimately placed the Subject Workhorse W42 directly into the stream of commerce.

36. Defendant knew or reasonably foresaw that individuals like Decedent would use the Subject Workhorse W42.

37. Defendant owed a duty of reasonable care to people who use the Subject Workhorse W42, including Decedent, to design and warn about the Subject Workhorse W42 in such a way that did not render the Subject Workhorse W42 defective and unreasonably dangerous, as set forth above.

38. Defendant owed a duty of reasonable care to people who use the Subject Workhorse W42, including Decedent, to design and warn about the Subject Workhorse W42's defects, as set forth above.

39. Defendant owed a duty of reasonable care to people who use the Subject Workhorse W42, including Decedent, to not make inaccurate and/or misleading statements and/or to manufacture Subject Workhorse W42 in such a way that the Subject Workhorse W42 would perform as designed, including by manufacturing the Subject Workhorse W42 in such as so that the Subject Workhorse W42 would prevent injuries, death, and damages such as those sustained by Decedent.

40. Defendant breached the duties it owed to Decedent by inadequately designing and/or warning about the Subject Workhorse W42, as set forth above.

41. At no time did Defendant take action to remedy the Subject Workhorse W42's defective and unreasonably dangerous condition or to adequately warn consumers or users about its negligent design of the subject Workhorse W42, despite Defendant's knowledge of the subject Workhorse W42's defective condition and ability to warn.

42. Defendant's negligence actually and proximately caused Decedent's injuries, death, and damages, and Plaintiffs' damages.

**COUNT III – PUNITIVE DAMAGES**

43. Plaintiffs adopt and reiterate each and every allegation above, as if set out fully in this paragraph.

44. Defendant acted recklessly, wantonly, and/or with extreme indifference or reckless disregard for the consequences of their actions, as well as exhibited a reckless disregard for the life, safety, and health of others, including Decedent, warranting the imposition of punitive damages.

45. Plaintiffs, pursuant to O.C.G.A. § 51-12-5.1, are entitled to an award of punitive damages to deter Defendant, and others similarly situated, from such conduct in the future.

## DAMAGES

46.     All preceding statements and allegations of Plaintiffs' Complaint are incorporated herein and realleged as if expressly set forth herein.

47.     Jennifer Johnson-Campbell and Jessica Tagney, the natural born children of Cathy Ann Windham-Johnson, deceased, have standing to recover for the wrongful death of Cathy Ann Windham-Johnson.

48.     Jennifer Johnson-Campbell, as Administrator of the Estate of Cathy Ann Windham-Johnson, has standing to recover the general damages and special damages of Cathy Ann Windham-Johnson.

49.     As a direct and proximate result of the negligence and misconduct of Defendant, as well as the defective, unsafe, and unreasonably dangerous Subject Workhorse W42, Cathy Ann Windham-Johnson was killed, and Plaintiffs are entitled to recover from the Defendant the full value of the life of Cathy Ann Windham-Johnson.

50.     As a direct and proximate result of the negligence and misconduct of Defendant, as well as the defective, unsafe, and unreasonably dangerous Subject Workhorse W42, Cathy Ann Windham-Johnson experienced physical pain and suffering.

51.     As a direct and proximate result of the negligence and misconduct of Defendant, as well as the defective, unsafe, and unreasonably dangerous Subject Workhorse W42, Cathy Ann Windham-Johnson experienced mental pain and suffering, including shock, fright, and terror.

52.     As a direct and proximate result of the negligence and misconduct of Defendant, as well as the defective, unsafe, and unreasonably dangerous Subject Workhorse W42, Cathy Ann Windham-Johnson's Estate incurred funeral expenses.

**WHEREFORE**, the Plaintiffs, Jennifer Johnson-Campbell, Individually, and as Administrator for the Estate of Cathy Ann Windham Johnson, deceased, and Jessica Tagney, Individually, pray for the following relief against the Defendant, Workhorse Trucks, Inc. (Workhorse Group, Inc.):

A. That Process and Summons issue, as provided by law, requiring Defendant to appear and answer Plaintiff's Complaint;

B. That service be had upon Defendant as provided by law;

C. That the Court award and enter a judgment in favor of Plaintiffs and against Defendant for damages in an amount to be proven at trial;

D. That Plaintiffs have a trial by a jury as to all issues; and,

E. That Plaintiffs have such other and further relief as the Court may deem just and proper.

Respectfully submitted this 15th day of October, 2019:

*/s/ Dylan J. Hooper*
DYLAN J. HOOPER
Morgan & Morgan Atlanta, PLLC
191 Peachtree Street, N.E., Suite 4200
P.O. Box 57007
Atlanta, GA 30343-1007
(404) 965-8811 – Telephone
(859) 899-8108 – Facsimile
dhooper@forthepeople.com
*Counsel for Plaintiffs*

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
DOUGHERTY COUNTY, GEORGIA
SUCV2019001345
1197
OCT 15, 2019 11:49 AM



Evonne S. Mull, Clerk
Dougherty County, Georgia

STATE OF GEORGIA

COUNTY OF DOUGHERTY ESTATE NO. 17-ES-524

## LETTERS OF ADMINISTRATION

By: NANCY S. STEPHENSON, Judge of the Probate Court of said County.

WHEREAS, CATHY ANN WINDHAM JOHNSON died intestate (check one:)

✓ domiciled in this County;
______ not domiciled in this State, but owning property in this County;

and this Court granted an order appointing JENNIFER CAMPBELL as Administrator of the estate of said decedent, on condition that said Administrator give oath as required by law; and the said Administrator having complied with said condition; the Court hereby grants unto said Administrator full power to collect the assets of said decedent, and to pay the debts of said estate, so far as such assets will extend, according to law, and then to pay over the balance, if any, to the heirs of said decedent, and to do and perform all other duties as such Administrator, according to the laws of this State. In addition, this Court has:

(Initial all which apply:)

[initials] a. waived the bond of the Administrator and granted to the Administrator(s) the power to serve without filing an inventory, and without filing any annual or other returns or reports to any court; but the fiduciary shall furnish to the income beneficiaries, at least annually, a statement of receipts and disbursements.

[initials] b. granted to the Administrator all of the powers contained in O.C.G.A. §53-12-232 not included in (a) above.

IN TESTIMONY WHEREOF, I have hereunto affixed my signature as Judge of the Probate Court of said County and the seal of this office this 4th day of December, 2017.

[signature]
Judge of the Probate Court

**GEORGIA, DOUGHERTY COUNTY**

**I HEREBY CERTIFY that the above and foregoing is a true copy of the original document, still in force and effect, on file in this office, this 4th December 2017.**

[signature]
**NANCY S. STEPHENSON, JUDGE**
**Dougherty County Probate Court**

EXHIBIT 1

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
DOUGHERTY COUNTY, GEORGIA
SUCV2019001345
1197
OCT 15, 2019 02:42 PM
Evonne S. Mull, Clerk
Dougherty County, Georgia

**IN THE SUPERIOR COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA**

JENNIFER JOHNSON-CAMPBELL, INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF CATHY ANN WINDHAM JOHNSON, DECEASED, AND JESSICA TAGNEY, INDIVIDUALLY,

CIVIL ACTION FILE NO.: SUCV2019001345

Plaintiffs,

v.

WORKHORSE TRUCKS, INC. (WORKHORSE GROUP, INC.),

Defendant.

---

**AFFIDAVIT OF COMPLIANCE FOR SERVICE OF PROCESS**

STATE OF GEORGIA

COUNTY OF DOUGHERTY

PERSONALLY APPEARED BEFORE ME, the undersigned officer duly authorized to administer oaths, DYLAN J. HOOPER, who, after first being duly sworn, on oath deposes and says:

1.

I, the undersigned, am the attorney who represents the Plaintiff in the above-captioned matter against Workhorse Trucks, Inc. (Workhorse Group, Inc.), as Defendant therein.

2.

I do hereby certify that, in accordance with O.C.G.A. §§ 14-2-1510(b) and 14-11-703(h), I have forwarded by Federal Express tracking # 780271943583, signature requested, the Complaint and Summons of the above case to said Defendant at the following addresses:

Workhorse Trucks, Inc. (Workhorse Group, Inc.) C/o Vcorp Agent Services, Inc., Registered Agent

4400 Easton Commons Way, Suite 125
Columbus, Ohio 43219

3.

I further certify that I SHALL FILE WITH THE APPROPRIATE COURT, appended to the documents regarding this case: (1) any return receipt received as evidence of service upon said Defendant by the Plaintiff, and (2) this Affidavit of Compliance.

FURTHER AFFIANT SAITH NOT.

Dylan J Hooper
Attorney for Plaintiff
Georgia Bar No.: 194606

Morgan and Morgan Atlanta, PLLC
191 Peachtree Street NE, Suite 4200
P.O. Box 57007
Atlanta, GA 30303-1007
Phone: (404) 965-8811
Fax: (404) 965-8812

Sworn and subscribed before me on this 15th day of October ~~2018~~ 2019.

(NOTARY PUBLIC)

CARMALITA N MOORE NOTARY PUBLIC COBB, GEORGIA MY COMMISSION EXPIRES October 31, 2022

My Commission Expires: 10/31/22

**IN THE SUPERIOR COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA**

JENNIFER JOHNSON-CAMPBELL, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF CATHY ANN WINDHAM JOHNSON, DECEASED, AND JESSICA TAGNEY, INDIVIDUALLY,

Plaintiffs

v.

WORKHORSE TRUCKS, INC. (WORKHORSE GROUP, INC.)
Serve via Georgia Secretary of State:
VCorp Agent Service, Inc.
4400 Easton Commons Way, Suite 125
Columbus, Ohio 43219,

Defendants.

CIVIL ACTION FILE NO. 2019SUCV2019001345

**NOTICE OF FILING NOTICE OF REMOVAL**

TO: CLERK, SUPERIOR COURT OF DOUGHERTY COUNTY

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of Defendant Workhorse Group, Inc's., improperly named as Workhorse Trucks, Inc. (Workhorse Group, Inc.) filing of a Notice of Removal in this action with the United States District Court for the Middle District of Georgia, Albany Division, a copy of which is attached hereto.

This 15th day of November, 2019.

Respectfully submitted,

*/s/ Brynda Rodriguez Insley*
BRYNDA RODRIGUEZ INSLEY
Georgia Bar No. 611435
CATHERINE M. BANICH
Georgia Bar No. 260514
*Attorney for Defendant*

*Workhorse Group, Inc.*

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
770-434-6868- Telephone
770-434-7376- Facsimile
binsley@taylorenglish.com
cbanich@taylorenglish.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing **NOTICE OF FILING NOTICE OF REMOVAL** upon all parties to this matter by Peach Court and by email to counsel of record as follows:

**Attorney for Plaintiff:**
Dylan J. Hooper, Esq.
Morgan & Morgan, PA
P.O. Box 57007
Atlanta, GA 30313

This 15th day of November, 2019.

Respectfully submitted,

*/s/ Brynda Rodriguez Insley*
BRYNDA RODRIGUEZ INSLEY
Georgia Bar No. 611435
CATHERINE M. BANICH
Georgia Bar No. 260514
*Attorney for Defendant Workhorse Group, Inc.*

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
770-434-6868- Telephone
770-434-7376- Facsimile
binsley@taylorenglish.com
cbanich@taylorenglish.com