**IN THE U.S. DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA**

JENNIFER JOHNSON-CAMPBELL, INDIVIDUALLY,                    PLAINTIFFS
AND AS ADMINISTRATOR OF THE ESTATE OF
CATHY ANN WINDHAM JOHNSON, DECEASED, AND
JESSICA TAGNEY, INDIVIDUALLY

v.                                                               1:19-cv-00209-LAG

WORKHORSE TRUCKS, INC. (WORKHORSE GROUP, INC.)          DEFENDANT

---

**PLAINTIFFS' MEMORANDUM OF SUPPORT
FOR THEIR MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

---

Plaintiffs, Jennifer Johnson-Campbell, Individually, and as Administrator for the Estate of

Cathy Ann Windham Johnson, deceased, and Jessica Tagney, Individually, by counsel, for their

Memorandum in Support for their Motion for Leave to file an Amended Complaint against the

Defendant, Workhorse Trucks, Inc. (Workhorse Group, Inc.), and new Defendants Workhorse Motor

Works, Inc., Navistar, Inc., and Workhorse Custom Chassis, LLC, state as follows:

## BACKGROUND

Defendant Workhorse Group has filed a motion to dismiss, and Plaintiffs have opposed

the motion. In support of the motion, Defendant Workhorse Group claims that Workhorse

Custom Chassis, LLC (a Navistar, Inc., subsidiary), sold its business to Workhorse Motor

Works, Inc. (a Workhorse Group subsidiary), on March 4, 2013. *See* Doc. 7-1 par. 7. According

to Defendant Workhorse Group, Defendant Workhorse Custom retained responsibility for any

defective products created before that date. *See* Doc. 7-1 par. 8.

While Plaintiffs believe that Workhorse Group's motion must fail both procedurally and

on the merits, Plaintiffs in abundance of caution seek leave to amend to add further jurisdictional

1

allegations against Workhorse Group and to add Navistar, Workhorse Custom Chassis, and Workhorse Motor Works as Defendants.

I.      **This Court Should Grant Leave to Amend.**

        A. *Leave to Amend Should be Freely Given.*

This Court should grant leave to amend because "courts should freely give leave to amend when justice so requires." *Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (citing FRCP 15). Under Rule 15, "district courts should generously allow amendments even when the plaintiff does not have the right to amend the complaint." *Williams v. Bd. of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007).

Moreover, justice generally requires leave to amend where facts in the original complaint would state a claim and prevent dismissal. *See Miami v. Wells Fargo*, 923 F.3d 1260, 1295 (11th Cir. 2019) ("[T]he district court improvidently dismissed the FHA claims in their entirety and ought to have granted the City leave to amend its complaints, since amendation would not have been futile."); *Chang v. JPMorgan*, 845 F.3d 1087, 1097 (11th Cir. 2017) ("…Chang's allegations as set forth in his proposed amended complaint were sufficient to establish that the Bank owed him a duty, and thus he stated a claim for negligence. The district court erred when it denied him leave to amend."); *Carollo v. Boria*, 833 F.3d 1322, 1332 (11th Cir. 2016) ("justice requires giving Carollo an opportunity to file an amended complaint that resurrects those portions of his complaint that we dismiss by pleading facts that support the claim—if true—that he spoke as a citizen and not pursuant to his ordinary job responsibilities."); *Michel v. NYP Holdings*, 816 F.3d 686, 706 (11th Cir. 2016) (reversing decision to dismiss with prejudice) ("[T]here is no reason to believe that allowing Michel leave to amend his complaint would be futile or that some other substantial reason exists to deny leave."); *Perez v. Wells Fargo*, 774 F.3d 1329, 1341–42 (11th Cir. 2014) ("[W]e cannot say after review of the Business Account

Agreement that any amendment of her complaint would necessarily be futile. We therefore reverse the district court's order denying the motion to amend…"). *Baez v. Banc One Leasing*, 348 F.3d 972, 974 (11th Cir. 2003).

As explained in the opposition to Workhorse Group's motion to dismiss, leave to amend is not futile as to Workhorse Group. Indeed, this Court could deny Workhorse Group's motion even without granting leave to amend. The Amended Complaint simply provides additional factual detail of Workhorse Group's continuous efforts to target the State of Georgia. As to Navistar, Workhorse Custom, and Workhorse Motor, leave to amend is not futile because the amendment will relate back to the date of filing.

**B.   *The Allegations against the New Defendants Relate Back to the Date of Filing the Original Complaint.***

As explained below, the allegations against Workhorse Motor, Workhorse Custom, and Navistar relate back to the date that suit was filed against Workhorse Group.

Georgia has a two-year statute of limitations. Ga. Code § 9-3-33. Georgia tolls the statute from "[t]he time between the death of a person and the commencement of representation upon his estate..." Ga. Code § 9-3-92. *See Hayes v. Hines*, 347 Ga. App. 802, 807 (2018). Decedent died on October 19, 2017, and Jennifer Campbell was appointed as the administrator of Decedent's estate on December 4, 2017. Accordingly, the statute of limitations was tolled under Section 9-3-92 until December 4, 2019. The original complaint was timely filed in state court on October 15, 2019.

Under Rule 15(c)(1)(C), an amended complaint relates back to the date of filing the original complaint when "if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against

it, but for a mistake concerning the proper party's identity."

In this case, as explained below, both elements are met.

      1.   <u>All Defendants will have Notice before the Rule 4(m) Deadline.</u>

As explained below, Plaintiffs will timely provide notice to each new Defendant before

the February 13, 2020, deadline.

Rule 4(m) requires service of the Complaint "90 days after the complaint is filed…"

Because the Federal Rules of Civil Procedure only "apply to a civil action after it is removed

from a state court," FRCP 81(c)(1), the Rule 4(m) deadline runs from the date of removal. *See*

*also* FRCP 3 ("A civil action is commenced by filing a complaint with the court.").

There is widespread agreement by federal courts that have considered the issue. Wright &

Miller, 4B Fed. Prac. & Proc. Civ. § 1137 (4th ed.) ("In removed cases, the Rule 4(m) time

period starts to run upon removal to the federal district court…"); *id.* at n.3 (citing *Cardenas v.

Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011), *Wallace v. Microsoft*, 596 F.3d 703 (10th Cir.

2010), *Medlen v. Estate of Meyers*, 273 Fed. Appx. 464 (6th Cir. 2008), *Rogers v. Amalgamated

Transit Union Local 689*, 98 F. Supp. 3d 1, 6 (D.D.C. 2015), *Egan v. Tenet Health Care*, 2016

WL 3561866 (D. Mass. 2016), *Broodnox v. Wal-Mart*, 2015 WL 8903537 (N.D. Fla. 2015),

adopted, 2015 WL 8957790 (2015), *White v. Capio Partners*, 2015 WL 5944943 (S.D. Ga.

2015), *Savard v. JP Morgan*, 2010 WL 2802543 (D. Colo. 2010), *Patterson v. Brown*, 2008 WL

219965 (W.D. N.C. 2008), amended, 2008 WL 619374 (2008), rev'd in part on other grounds,

392 Fed. Appx. 185 (4th Cir. 2010), *Cole v. Chicago*, 2008 WL 68687 (N.D. Ill. 2008), *Johnson

v. Skolski*, 2007 WL 141961 (E.D. Mich. 2007), *Lawrence v. Hanson*, 197 F. Supp. 2d 533

(W.D. Va. 2002), *Hunt v. Smith*, 67 F. Supp. 2d 675 (E.D. Tex. 1999), *G.G.G. Pizza v. Domino's*,

67 F. Supp. 2d 99 (E.D. N.Y. 1999), and *Eccles v. National Semiconductor*, 10 F. Supp. 2d 514

(D. Md. 1998)).

In this case, Defendant Workhorse Group removed this case on November 15, 2019. When it did so, Defendant Workhorse Group filed Plaintiffs' Complaint. Notice of Removal, Ex. A; 28 U.S.C.A. § 1446(a) ("A defendant … desiring to remove any civil action from a State court shall file in the district court of the United States … a notice of removal … , together with a copy of all process, pleadings, and orders served upon such defendant …") (emphasis added). As a result, the Rule 15 deadline to notify the newly named Defendants of this action is February 13, 2020 (90 days after November 15, 2019).

Even if the 90-day service deadline ran from the date of the Complaint was filed in state court (which is denied), the deadline would be January 13, 2020 (90 days after the October 15, 2019, filing date in state court). To avoid unnecessary litigation over this 31-day difference, Plaintiffs will notify Workhorse Motor, Workhorse Custom, and Navistar of this suit on or before January 13, 2020.

Plaintiffs note that it is reasonable to infer that Workhorse Group has already notified Navistar and Workhorse Custom of this lawsuit because Workhorse Custom agrees to indemnify Workhorse Motor as well as Workhorse Motor's "Affiliates, successors and permitted assigns" under the contract to buy (Doc. 7-1, ex. A, par. 5.2(a)). In support of its motion to dismiss, Workhorse Group claims that this action is an excluded liability. *See* Doc. 7-1 par. 8. As a result, it is reasonable to infer that Workhorse Group has invoked the indemnification provision in the contract and notified Navistar and Workhorse Custom of this action. Plaintiffs further note that Workhorse Motor—a wholly-owned subsidiary of Workhorse Group—already has constructive notice of this suit. *See Krupski v. Costa Crociere*, 560 U.S. 538, 554 (2010); *Cannon v. Oconee Cty.*, -- S.E.2d --, 2019 WL 5588788, at *5 (Ga. Ct. App. Oct. 30, 2019) (following *Krupski*).

Nevertheless, to avoid unnecessary litigation over constructive knowledge, Plaintiffs will

provide direct, actual notice to Workhorse Motor of this suit on or before January 13, 2020. Because each new Defendant will have notice of this suit before the Rule 4(m) deadline, the claims against them relate back to the October 15, 2019, filing date of the original Complaint in state court.

2.   Plaintiffs' Mistake Falls Squarely within Rule 15(c).

Under clear Supreme Court precedent, Plaintiffs are entitled to relation-back under Rule 15. In *Krupski*, the Supreme Court defined "mistake" broadly and held that amendment should be allowed to add the correct owner of a cruise ship, and it was irrelevant whether the plaintiff knew or should have known the correct owner before filing suit. 560 U.S. at 548-557. Under *Krupski*, a Rule 15(c)(1)(C)(ii) mistake could be, for example, a misunderstanding or lack of understanding about the role the newly added defendant played in the matter or a misunderstanding of the defendant's legal status. 560 U.S. at 549.

In this case, Plaintiffs' mistake clearly fits within Rule 15(c)(1)(C) as the Supreme Court has interpreted the Rule. Due to the decision by the AMP entities to rebrand themselves as "Workhorse" entities, Plaintiffs reasonably believed that Workhorse Group and Workhorse Custom were jointly controlled and operated. Indeed, Workhorse Group has held itself our as a mere continuation of the Workhorse brand.

Despite their reasonable diligence, Plaintiffs were unaware until the filing of Workhorse Group's motion on December 6, 2019, that Workhorse Group may have not fully continued the operations of Workhorse Custom. Despite their reasonable diligence, Plaintiffs were unaware until the filing of Workhorse Group's motion on December 6, 2019, that Workhorse Group and Workhorse Motor would deny responsibility for Workhorse Custom products. In fact, despite their reasonable diligence, Plaintiffs remain unaware of the nature of liabilities contractually retained by Navistar and Workhorse Custom and contractually obtained by Workhorse Group

6

and Workhorse Motor. Under the circumstances, relation-back is proper.

## **CONCLUSION**

For these reasons, this Court should grant Plaintiffs leave to amend.

Respectfully submitted,

*/s/ Dylan J. Hooper*
DYLAN J. HOOPER
Morgan & Morgan Atlanta, PLLC
191 Peachtree Street, N.E., Suite 4200
P.O. Box 57007
Atlanta, GA 30343-1007
(404) 965-8811 – Telephone
(859) 899-8108 – Facsimile
dhooper@forthepeople.com
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of January, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

*/s/ Dylan J. Hooper*
DYLAN J. HOOPER
*Counsel for Plaintiffs*