IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JENNIFER JOHNSON-CAMPBELL, Individually and as Administrator of the Estate of Cathy Ann Windham Johnson, Deceased, and JESSICA TAGNEY, Individually. | ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | FILE NO. 1:19-cv-00209-LAG |
| v. | ) | |
| | ) | |
| NAVISTAR, INC. and WORKHORSE CUSTOM CHASSIS, LLC. | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT NAVISTAR INC.'S ANSWER

Defendant Navistar, Inc. ("Navistar") hereby answers the First Amended Complaint (the "Complaint") of Plaintiffs Jennifer Johnson-Campbell, individually and as administrator of the Estate of Cathy Ann Windham Johnson (the "decedent"), and Jessica Tagney, individually, as follows:

## AFFIRMATIVE DEFENSES

Navistar asserts that Plaintiffs' claims are barred, in whole or in part, by the defenses set forth below. By setting forth these defenses, Navistar does not assume the burden of proving any fact, issue, or element of a cause of action where such

1

burden properly belongs to Plaintiffs. Moreover, nothing herein stated is intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to Plaintiffs' allegations. Navistar reserves the right to plead any and all affirmative defenses that may become evident or appreciated after investigation and discovery in this matter. Navistar alleges as affirmative defenses the following:

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Any damages alleged by Plaintiffs were caused by the acts, omissions, or negligence of a third party over whom Navistar had no control and for whom Navistar is not legally liable or responsible, and/or by events over which Navistar had no control and for which Navistar is not legally liable or responsible.

## THIRD DEFENSE

Plaintiffs' alleged damages resulted from unforeseeable, superseding and/or intervening causes unrelated to any conduct of Navistar and, thus, the Plaintiffs are barred from any recovery herein, or the damages, if any, must be apportioned and Navistar is only responsible for damages, if any, for which it is found responsible. Any damages claimed by Plaintiffs should be apportioned among any persons who

may be liable, including non-parties, according to the percentage of fault of each person, as determined by a jury in accordance with O.C.G.A § 51-12-33. *See Union Camp Corp. v. Helmy*, 258 Ga. 263 (1988) (finding that the plaintiff's recovery will be diminished by the proportion of fault assigned to him by the jury); *Couch v. Red Roof Inns, Inc.*, 291 Ga. 359 (2012) (rejecting an argument that a jury should not be permitted to apportion fault to a non-party); *McReynolds v. Krebs*, 290 Ga. 850 (2012) (finding that any damages awarded to the plaintiff must be apportioned as between the parties and non-parties at fault regardless of whether the plaintiff himself is found to be at fault as well); *Cobb Venture v. Donaldson*, 256 Ga. App. 131 (2002) (citing Restatement (Second) of Torts, § 466(a)).

## FOURTH DEFENSE

Negligence of the decedent is the sole cause of some or all of the injuries alleged by Plaintiffs in this action.

## FIFTH DEFENSE

Navistar states that while it was not negligent in any respect, nevertheless, decedent, by the exercise of ordinary care, could have avoided the consequences of any negligence with which Plaintiffs charge Navistar with the result that Plaintiffs are not entitled to recover in this case.

## SIXTH DEFENSE

Navistar states that it was not negligent in any respect; nevertheless, the decedent was not in the exercise of ordinary care for her own safety at all relevant times to the instant action, with the result that Plaintiffs are not entitled to recover in this case.

## SEVENTH DEFENSE

Plaintiffs failed to mitigate any damages which Plaintiffs claim to have suffered.

## EIGHTH DEFENSE

Plaintiffs' claims may be preempted in whole or in part by federal and/or state statutes and/or regulations.

## NINTH DEFENSE

Navistar denies that it was negligent or breached any duty owed to decedent and/or Plaintiffs.

## TENTH DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, to the extent that Plaintiffs have released, settled with, entered into an accord and satisfaction, or otherwise compromised their claims. To the extent Plaintiffs have received payment from any alleged tortfeasor in full satisfaction of any of the alleged injuries and/or claims against Navistar and/or other alleged tortfeasors, Plaintiffs' Complaint and

each and every count and cause of action therein is barred by the defenses of payment and/or release and accord and satisfaction.

## ELEVENTH DEFENSE

Decedent put the vehicle, tools, materials and/or equipment complained of in Plaintiffs' Complaint to an abnormal use; mishandled the vehicle, tools, materials and/or equipment; altered the vehicle, tools, materials, and/or equipment; abused the vehicle, tools, materials and/or equipment; and misused the vehicle, tools, materials and/or equipment. All or any one of such acts by the decedent proximately caused or contributed to the injuries, illness, disease, disability, and damages complained of by Plaintiffs, and Plaintiffs are barred from recovery herein.

## TWELFTH DEFENSE

Plaintiffs' alleged injuries and damages were caused by pre-existing conditions, or other contributory or concurrent conditions or factors, including events occurring prior or subsequent to the occurrence made the basis of Plaintiffs' claims against Navistar.

## THIRTEENTH DEFENSE

If Plaintiffs suffered any damages or injuries, which is denied, Navistar states that Plaintiffs' recovery is barred, in whole or in part, or subject to reduction under the doctrines of contributory and/or comparative negligence.

## FOURTEENTH DEFENSE

If Navistar is held liable to Plaintiffs, which liability is specifically denied, Navistar is entitled to contribution, set-off, and/or indemnification, either in whole or in part, from all persons or entities whose negligence or fault proximately caused or contributed to cause Plaintiffs' alleged damages. To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries, damage, or loss asserted in the Complaint, Navistar invokes the provisions of O.C.G.A. § 51-12-30, *et seq.*

## FIFTEENTH DEFENSE

Navistar asserts any and all defenses, claims, credits, offsets, or remedies provided by the Restatements (Second and Third) of Torts and reserves the right to amend their Answer to file such further pleadings as are necessary to preserve and assert such defenses, claims, credits, offsets, or remedies.

## SIXTEENTH DEFENSE

This Court may lack jurisdiction over the subject matter of Plaintiffs' Complaint.

## SEVENTEENTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, from seeking recovery against Defendant pursuant to the doctrines of res judicata, collateral estoppel, release of claims, and the prohibition on double recovery for the same injury.

## EIGHTEENTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the applicable statutes of limitation and/or statutes of repose.

## NINETEENTH DEFENSE

No product designed, manufacturer or sold by Navistar was defective, unreasonably dangerous, or, otherwise the cause, in whole or in part, of any alleged injury or damages suffered by Plaintiffs.

## TWENTIETH DEFENSE

If there were any defect in the products – and Navistar denies that there were any defects – nevertheless, there was no causal connection between any alleged defect and the product on the one hand and any damage to Plaintiffs on the other with the result that Plaintiffs are not entitled to recover against Navistar in this case.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Navistar's compliance with the state of the art, industry standards, and/or applicable government statutes and regulations.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred to the extent that the injuries alleged in the Complaint were caused by the misuse, abnormal use, or use of the product at issue in a manner not intended by Navistar and over which Navistar had no control.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred to the extent that the injuries alleged in the Complaint were caused by a substantial change in the product after leaving the possession, custody, and control of Navistar.

## TWENTY-FOURTH DEFENSE

The decedent voluntarily and knowingly assumed the risks inherent to the activity in which she was participating at the time of the alleged injury. Pursuant to the doctrine of assumption of the risk, this conduct bars, in whole or in part, the damages that Plaintiffs seek to recover herein.

## TWENTY-FIFTH DEFENSE

Venue may be improper in this action. Navistar reserves its rights to move for dismissal and/or transfer of the action based on improper and/or inconvenient venue and/or based upon O.C.G.A. § 51-14-1 *et seq*., and further reserves its rights to seek application of the law of the appropriate venue on all issues, including but not limited to statute of limitations, statute of repose, and punitive damages.

## TWENTY-SIXTH DEFENSE

Plaintiffs' Complaint should be dismissed for lack of personal jurisdiction. *See* O.C.G.A. §§ 9-11-12(b), 9-10-91. There is neither specific nor general jurisdiction under recent precedent of the Supreme Court, as well as other cases across the nation. *See e.g*., *Daimler AG v. Bauman*, 134 S. Ct. 746, 754-58 (2014);

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2850-51 (2011); *BNSF Ry. v. Tyrrell*, 137 S. Ct. 1549 (2017); *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017). Navistar does not have sufficient minimum contacts with the forum state of Georgia such that exercising jurisdiction would not offend the Due Process Clause of the United States Constitution and the due process requirements of the Constitution of the State of Georgia.

## **TWENTY-SEVENTH DEFENSE**

To the extent that Plaintiffs' Complaint seeks punitive damages, Navistar specifically incorporate by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damages awards that arose in the decisions of *BMW of N. America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003); and *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008) and their progeny as well as other similar cases under both federal and state law. *See* O.C.G.A § 51-12-5.1.

Additionally, Navistar affirmatively pleads the following in regard to punitive damages: Plaintiffs' claims for punitive or exemplary damages violate, and are therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and similar provisions of the Georgia Constitution, on grounds including the following:

9

(a)     it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)     the procedures to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendants, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)     the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)     the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g)     the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

(h)     the award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law; and

(i)     the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' alleged damages, if any, should be apportioned among all parties at fault, and any non-parties at fault, pursuant to the Uniform Contribution Among

Tortfeasors Act.

## TWENTY-NINTH DEFENSE

This case may be subject to dismissal or transfer under the doctrine of forum non conveniens, lack of personal jurisdiction, improper venue, and/or 28 U.S.C. § 1404.

## THIRTIETH DEFENSE

Navistar reserves the right to raise such other affirmative defenses as may be available or apparent during discovery or as may be raised or asserted by other defendants in this case. Navistar expressly reserve the right to raise as an affirmative defense that Plaintiffs have failed to join all parties necessary for a just adjudication of this action, should discovery reveal the existence of facts to support such defense. Navistar has not knowingly or intentionally waived any applicable affirmative defense. If it appears that any affirmative defense is or may be applicable after Navistar has had the opportunity to conduct reasonable discovery in this matter, Navistar will assert such affirmative defense in accordance with all applicable rules.

## THIRTY-FIRST DEFENSE

Navistar answers the individually numbered paragraphs of Plaintiffs' Complaint as follows:

# THE PARTIES

## 1.

The allegations contained in Paragraph 1 of Plaintiffs' Complaint are not directed at Navistar and, therefore, require no response. To the extent that a response is required of Navistar, Navistar is without sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

## 2.

The allegations contained in Paragraph 2 of Plaintiffs' Complaint are not directed at Navistar and, therefore, require no response. To the extent that a response is required of Navistar, Navistar is without sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

## 3.

The allegations contained in Paragraph 3 of Plaintiffs' Complaint are not directed at Navistar and, therefore, require no response. To the extent that a response is required of Navistar, Navistar is without sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.

The allegations contained in Paragraph 4 of Plaintiffs' Complaint are not directed at Navistar and, therefore, require no response. To the extent that a response is required of Navistar, Navistar is without sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.

The allegations contained in Paragraph 5 of Plaintiffs' Complaint are not directed at Navistar and contain conclusions of law, requiring no response. To the extent that a response is required of Navistar, Navistar is without sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.

The allegations contained in Paragraph 6 of Plaintiffs' Complaint are not directed at Navistar and, therefore, require no response. To the extent that a response is required of Navistar, Navistar is without sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.

The allegations contained in Paragraph 7 of Plaintiffs' Complaint are not directed at Navistar and, therefore, require no response. To the extent that a response is required of Navistar, Navistar is without sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.

The allegations contained in Paragraph 8 of Plaintiffs' Complaint are not directed at Navistar and, therefore, require no response. To the extent that a response is required of Navistar, Navistar is without sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.

The allegations contained in Paragraph 9 of Plaintiffs' Complaint are not directed at Navistar and, therefore, require no response. To the extent that a response is required of Navistar, Navistar is without sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.

Navistar admits that it is a Delaware corporation with its principal place of business located at 2701 Navistar Drive, Lisle, Illinois, 60532

11.

Navistar admits that its registered agent for service of process is Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

12.

The allegations contained in Paragraph 12 of Plaintiffs' Complaint are not directed at Navistar and, therefore, require no response. To the extent a response is required, Navistar denies those allegations.

13.

The allegations contained in Paragraph 13 of Plaintiffs' Complaint are not directed at Navistar and, therefore, require no response. To the extent a response is required, Navistar denies those allegations.

14.

The allegations contained in Paragraph 14 of Plaintiffs' Complaint are not directed at Navistar and, therefore, require no response. To the extent that a response is required of Navistar, Navistar is without sufficient knowledge or information upon

which to form a belief as to the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.

The allegations contained in Paragraph 15 of Plaintiffs' Complaint are not directed at Navistar and, therefore, require no response. To the extent that a response is required of Navistar, Navistar is without sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16.

The allegations contained in Paragraph 16 of Plaintiffs' Complaint are not directed at Navistar and contain conclusions of law, requiring no response. To the extent that a response is required of Navistar, Navistar is without sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17.

The allegations contained in Paragraph 17 of Plaintiffs' Complaint are not directed at Navistar and contain conclusions of law, requiring no response. To the extent that a response is required of Navistar, Navistar is without sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.

The allegations contained in Paragraph 18 of Plaintiffs' Complaint are not directed at Navistar and contain conclusions of law, requiring no response. To the extent that a response is required of Navistar, Navistar is without sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.

The allegations contained in Paragraph 19 of Plaintiffs' Complaint are not directed at Navistar and contain conclusions of law, requiring no response. To the extent that a response is required of Navistar, Navistar is without sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.

Navistar denies the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21.

The allegations contained in Paragraph 21 of Plaintiffs' Complaint are not directed at Navistar and, therefore, require no response. To the extent that a response is required of Navistar, Navistar is without sufficient knowledge or information upon

which to form a belief as to the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22.

The allegations contained in Paragraph 22 of Plaintiffs' Complaint are not directed at Navistar and, therefore, require no response. To the extent that a response is required of Navistar, Navistar is without sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23.

The allegations contained in Paragraph 23 of Plaintiffs' Complaint are not directed at Navistar and, therefore, require no response. To the extent that a response is required of Navistar, Navistar is without sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

**JURSIDICTION AND VENUE**

Navistar reasserts its responses to Paragraphs 1-23 of Plaintiffs' Complaint as though fully set forth herein.

24.

Navistar does not contest that, based on the allegations in the Plaintiffs' Complaint, which have not been, and could not have been, verified by Navistar, the

amount in controversy in this case exceeds the minimal jurisdictional limits of this Court. Navistar lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding jurisdiction in this Court and, therefore, deny those allegations. Navistar denies any remaining allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25.

The allegations regarding subject matter jurisdiction contained in Paragraph 25 of Plaintiffs' Complaint are conclusions of law, to which no response is required. To the extent a response is required, Navistar admits that Plaintiffs have brought this civil action for damages but deny that Plaintiffs have suffered any personal injuries caused by Navistar, deny that Navistar is liable to Plaintiffs and deny that Plaintiffs are entitled to any damages from Navistar. Navistar lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding jurisdiction in this Court and, therefore, deny those allegations.

26.

Navistar denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint, including subparts (a) through (c).

27.

Navistar denies the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28.

The allegations contained in Paragraph 28 of Plaintiffs' Complaint contain allegations not directed at Navistar and conclusions of law, requiring no response. To the extent that a response is required of Navistar, Navistar admits only that it is registered to conduct business in the State of Georgia. Except as expressly admitted, Paragraph 28, including subparts (b) through (j), is denied.

29.

The allegations regarding the venue of this action contained in Paragraph 29 of Plaintiffs' Complaint are conclusions of law, to which no response is required. To the extent a response is required, Navistar lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding the venue of this action and, therefore, deny that allegation. Navistar denies any remaining allegations contained in Paragraph 29 of Plaintiffs' Complaint.

## **FACTS**

Navistar reasserts its responses to Paragraphs 1-29 of Plaintiffs' Complaint as though fully set forth herein.

30.

The allegations contained in Paragraph 30 of Plaintiffs' Complaint are not directed at Navistar and, therefore, require no response. To the extent that a response is required of Navistar, Navistar is without sufficient knowledge or information upon

which to form a belief as to the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31.

The allegations contained in Paragraph 31 of Plaintiffs' Complaint are not directed at Navistar and, therefore, require no response. To the extent that a response is required of Navistar, Navistar is without sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32.

The allegations contained in Paragraph 32 of Plaintiffs' Complaint are not directed at Navistar and, therefore, require no response. To the extent that a response is required of Navistar, Navistar is without sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33.

The allegations contained in Paragraph 33 of Plaintiffs' Complaint are not directed at Navistar and, therefore, require no response. To the extent that a response is required of Navistar, Navistar is without sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34.

Navistar denies the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35.

Navistar denies the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

## COUNT I – STRICT LIABILITY

36.

Navistar reasserts its responses to Paragraphs 1-35 of Plaintiffs' Complaint as though fully set forth herein.

37.

In response to Paragraph 37 of Plaintiffs' Complaint, Navistar admits that it, in part, designs, manufactures, and distributes commercial motor vehicles throughout the United States. Except as expressly admitted, Paragraph 37 is denied.

38.

In response to the allegations contained in Paragraph 38 of Plaintiffs' Complaint, Navistar admits that it places its products into the stream of commerce through Navistar authorized dealers. Except as expressly admitted, Paragraph 38 is denied.

39.

Navistar denies the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40.

In response to Paragraph 40 of Plaintiffs' Complaint, Navistar admits that it, in part, designs, manufactures, and distributes commercial motor vehicles throughout the United States, and that it is aware of legal obligations with respect to those vehicles. Except as expressly admitted, Paragraph 40 is denied

41.

Navistar denies the allegations contained in Paragraph 41, including subparts (a) through (c), of Plaintiffs' Complaint.

42.

Navistar denies the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43.

Navistar denies the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44.

Navistar denies the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

## COUNT II – NEGLIGENCE

### 45.

Navistar reasserts its responses to Paragraphs 1-44 of Plaintiffs' Complaint as though fully set forth herein.

### 46.

Navistar denies the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

### 47.

Navistar denies the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

### 48.

Navistar denies the allegations contained in Paragraph 48 of Plaintiffs' Complaint, which include conclusions of law that require no response.

### 49.

Navistar denies the allegations contained in Paragraph 49 of Plaintiffs' Complaint, which include conclusions of law that require no response.

### 50.

Navistar denies the allegations contained in Paragraph 50 of Plaintiffs' Complaint, which include conclusions of law that require no response.

51.

Navistar denies the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

52.

Navistar denies the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

53.

Navistar denies the allegations contained in Paragraph 53 of Plaintiffs' Complaint.

## COUNT III – PUNITIVE DAMAGES

54.

Navistar reasserts its responses to Paragraphs 1-53 of Plaintiffs' Complaint as though fully set forth herein.

55.

Navistar denies the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

56.

Navistar denies the allegations contained in Paragraph 56 of Plaintiffs' Complaint.

## **DAMAGES**

### 57.

Navistar reasserts its responses to Paragraphs 1-56 of Plaintiffs' Complaint as though fully set forth herein.

### 58.

The allegations contained in Paragraph 58 of Plaintiffs' Complaint are not directed at Navistar and contain conclusions of law, requiring no response. To the extent that a response is required of Navistar, Navistar is without sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 58 of Plaintiffs' Complaint.

### 59.

The allegations contained in Paragraph 59 of Plaintiffs' Complaint are not directed at Navistar and contain conclusions of law, requiring no response. To the extent that a response is required of Navistar, Navistar is without sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 59 of Plaintiffs' Complaint.

### 60.

Navistar denies the allegations contained in Paragraph 60 of Plaintiffs' Complaint.

61.

Navistar denies the allegations contained in Paragraph 61 of Plaintiffs' Complaint.

62.

Navistar denies the allegations contained in Paragraph 62 of Plaintiffs' Complaint.

63.

Navistar denies the allegations contained in Paragraph 63 of Plaintiffs' Complaint.

Furthermore, responding to the unnumbered Paragraph, including sub-parts, beginning with "WHEREFORE," Navistar denies that it is liable to Plaintiffs in any manner and deny each and every allegation contained in such Paragraph and all sub-parts thereof, separately and severally, to the extent said allegations imply any wrongdoing by Navistar.

***

Navistar specifically denies Plaintiffs are entitled to any judgment, damages, recovery, costs, remedy, or relief from Navistar in connection with this action.

Navistar denies each and every claim or allegation contained in Plaintiffs' Complaint not specifically admitted herein.

## REQUEST FOR JURY TRIAL

Navistar demands a trial by jury on all issues appropriate for jury determination.

**WHEREFORE**, Navistar prays that Plaintiffs' Complaint against it be dismissed with prejudice, with all costs assessed against Plaintiffs, and for such other and further relief as the Court deems proper.

This 17th day of November, 2020.

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH, LLP

/s/ *Richard B. North*
Richard B. North, Jr.
Georgia Bar No. 545599
Brandee Kowalzyk
Georgia Bar No. 142328
Atlantic Station
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050
Richard.North@nelsonmullins.com
Brandee.Kowalzyk@nelsonmullins.com

# **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing ANSWER AND

DEFENSES OF NAVISTAR, INC. was filed on November 17, 2020, using the Next

Gen CM/ECF filing system which will automatically send a Notice of Electronic

Filing to all registered counsel of record including:

**DYLAN J HOOPER, ESQ.**
PO BOX 57007
ATLANTA, GA 30343
404-496-7286
Fax: 404-965-8812
Email: dhooper@forthepeople.com

This 17th day of November, 2020.

/s/ *Richard B. North*
Richard B. North, Jr.
Georgia Bar No. 545599